UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE HENRY BERRY,

        Petitioner,

                                   CASE NO. 10-13469
v.                               CHIEF JUDGE PATRICK J. DUGGAN
                                   MAGISTRATE JUDGE PAUL KOMIVES

LLOYD RAPELJE,

        Respondent.
                             /

**REPORT AND RECOMMENDATION ON PETITIONER'S HABEAS APPLICATION (docket #1) and RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #10)**

I.     RECOMMENDATION: The Court should conclude that petitioner's habeas application is timely, and should deny respondent's motion for summary judgment. Nevertheless, the Court should dismiss petitioner's application for failure to prosecute or, alternatively, deny the petition on the merits. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural Background*

Petitioner Lee Berry is a state prisoner. At the time he filed his habeas application, petitioner was serving a term of 7½-20 years' imprisonment. Petitioner pleaded guilty in February 2000 to delivery of less than 50 grams of cocaine, and was sentenced to one year in county jail and life-time probation. Petitioner was sentenced to the term of imprisonment following the revocation of his probation in November 2005. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

      •      Petitioner pleaded guilty on February 23, 2000, and was sentenced in accordance

        with his plea agreement on April 14, 2000.

- On April 29, 2005, petitioner was arrested for violating the terms of his probation by failing to notify the probation agent of his change of address, possessing cocaine, and possessing a firearm. On November 3, 2005, the trial court found petitioner guilty of the probation violation and sentenced him to a term of 7½-20 years' imprisonment.

- Petitioner filed an application for leave to appeal in the Michigan Court of Appeals challenging the revocation of his probation. The court of appeals denied petitioner's application in a standard order on July 10, 2006. *See People v. Berry*, No. 270093 (Mich. Ct. App. July 10, 2006).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On December 13, 2006, the Supreme Court denied leave to appeal in a standard order. *See People v. Berry*, 477 Mich. 967, 724 N.W.2d 466 (2006).

- On April 2, 2007, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.00-.508. The trial court denied the motion on August 26, 2008.

- Petitioner filed a claim of appeal in the Michigan Court of Appeals. The court of appeals dismissed the claim on November 18, 2008, because there is no appeal of right from an order denying a motion for relief from judgment and because petitioner's filings did not satisfy the rules governing applications for leave to appeal. S*ee People v. Berry*, No. 287972 (Mich. Ct. App. Nov. 18, 2008).

- Petitioner filed an application for leave to appeal that decision in the Michigan Supreme Court. The Supreme Court denied the application for leave to appeal on June 23, 2009, without prejudice to petitioner filing an application for leave to appeal in the Michigan Court of Appeals. *See People v. Berry*, 483 Mich. 1111, 766 N.W.2d 834 (2009). The Supreme Court denied petitioner's motion for reconsideration on September 11, 2009. *See People v. Berry*, 485 Mich. 867, 771 N.W.2d 777 (2009).

On June 9, 2010, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] As grounds for the writ, petitioner claims that his term of probation had expired

---

[1]Although petitioner's application is file-stamped August 31, 2010, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is signed and dated June 9, 2010. Accordingly, I assume that the petition was

and thus the trial court was without jurisdiction to revoke his probation, and that his probation revocation was the result of an illegal search and seizure. Respondent filed a motion for summary judgment on April 4, 2011, arguing that petitioner's habeas application is untimely. As of the date of this Order, no response has been filed.

B.      *Statute of Limitations*

Respondent argues that petitioner's application was filed outside the one year statute of limitations, and therefore should be dismissed. The Court should disagree, and should deny respondent's motion for summary judgment.

       1.      *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

given to prison officials for mailing, and was thus "filed," on June 9, 2010.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Assuming that the default commencement date established by subparagraph (A) applies here, petitioner's application is timely. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has

---

[2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner's direct appeal on the revocation of his probation concluded with the Michigan Supreme Court's denial of his application for leave to appeal on December 13, 2006. Petitioner's conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired, or on March 13, 2007. Thus, the one year limitation period began running on March 14, 2007, *see* FED. R. CIV. P. 6(a)(1)(A), and expired one year later on March 14, 2008. Because petitioner did not file his petition until June 9, 2010, it is untimely unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Respondent contends that petitioner's application is untimely because his motion for relief from judgment was not filed until April 2, 2008, after the limitations period had expired. However, the first page of the motion for relief from judgment, attached to respondent's brief, bears a file stamp from the trial court showing that the motion was filed on April 2, 2007. As of this date, only 19 days on the limitation clock had elapsed. Thus, when the clock began to run again upon the Michigan Supreme Court's denial of petitioner's motion for reconsideration on September 11, 2009, *see Sherwood v. Prelesnik*, 579 F.3d 581, 586-86 (6th Cir. 2009) (post-conviction application remains "pending" under § 2244(d)(2) during time in which timely filed motion for reconsideration is pending before Michigan Supreme Court), petitioner still had 346 days remaining on the limitations clock. Petitioner's habeas application was filed on June

5

9, 2010, or 267 days later.³ Thus, the application is timely.

C.  *Failure to Prosecute/Merits*

Nevertheless, the Court should dismiss petitioner's application based on his failure to prosecute the action or, alternatively, should deny the application on the merits.

   1.  *Failure to Prosecute*

Rule 41 provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Although the rule speaks of a defendant moving for dismissal, a court also has authority under Rule 41 to dismiss an action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962). Rule 41(b) is applicable to habeas corpus proceedings. *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). *See generally*, Rule 12, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); FED. R. CIV. P. 81(a)(4) (same).

This Court's local rules provide that an attorney or unrepresented party must promptly file new contact information when there is a change of such information, and that "[t]he failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs." E.D. MICH. LR 11.2. Further, on

---

³There is a large discrepancy between the date on which petitioner dated his application–June 6, 2010–and the date on which the application was filed in this Court–August 31, 2010. The envelope in which the petition was stamped was marked as being received by the Clerk on August 27, 2010. From the denial of reconsideration by the Michigan Supreme Court until this date an additional 349 days elapsed, three days longer than left remaining on the limitations clock. However, it is a fair assumption that the petitioner gave the application to prison officials for mailing at least three days before it was received by the Court. *Cf.* FED. R. CIV. P. 6(d) (when a party must act within a specified time after service and service is made by mail, three days are added to the time period). In any event respondent, as the party seeking summary judgment, bears the burden of demonstrating his entitlement to relief, and respondent does not argue for any filing date other than June 6, 2009.

September 3, 2010, petitioner was provided by the Court of his responsibility to notify the Court of change in his contact information. Despite this notice and Rule 11.2, as early as October 20, 2010, mail sent by the Court to petitioner was returned undeliverable. And the Michigan Department of Corrections's Offender Tracking Information System (OTIS) website shows that petitioner was released on parole on October 7, 2010. *See* OTIS website, entry for Lee Henry Berry, available at http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=149368. Plaintiff's failure to apprise the Court of his new address in the eleven months since he has been released "demonstrate[s] [his] lack of interest in prosecuting this action." *Ali v. Hilton Gateway*, No. 05-2459, 2007 WL 121453, at *2 (D.N.J. Dec. 15, 2006). "Plaintiff's failure to keep the Court informed of his address and to participate in [motion practice] prevents the case from proceeding in the foreseeable future." *Williams v. Maricopa County Sheriff's Office*, No. CV-04-2901, 2006 WL 2091713, at *2 (D. Ariz. July 24, 2006). Petitioner's failure to respond to respondent's motion, combined with his failure to inform the Court of his release on parole and provide a current address, warrants dismissal for failure to prosecute. *See Arredondo v. Quarterman*, No. L-08-63, 2008 WL 5381314, *2 (S.D. Tex. Dec. 22, 2008); *Bourdon v. Walker*, 453 F. Supp. 2d 594, 601 (N.D.N.Y. 2006); *Ferrell v. LaManna*, No. 8:05-3421, 2006 WL 2569261, at *2 (D.S.C. Sept. 1, 2006). Accordingly, the Court should dismiss the petition for failure to prosecute in accordance with Rule 41(b).

    2.    *Merits*

Alternatively, the Court should conclude that petitioner's claims are without merit, and should deny the petition on that basis.

*a. Jurisdiction*

Petitioner raises two claims challenging the revocation of his probation. In the first, petitioner contends that his probation had expired by the time of his conduct which violated the terms of the probation, and thus the trial court was without jurisdiction to revoke his probation and sentence him to a term of imprisonment. This argument is without merit as a factual matter. At sentencing, the judge declined to impose a term of imprisonment, instead sentencing petitioner to a term of lifetime probation. *See* Sentence Tr., dated 4/14/00, at 7-8. In support of his claim that his probation period expired after five years, petitioner relies on the amendment to the statute pursuant to which he was convicted, MICH. COMP. LAWS § 333.7401, effectuated by 2002 Mich. Pub. Act 665 (Mar. 1, 2003). This amendment, however, provides no support for petitioner's claim. At the time of his conviction, § 333.7401(2)(a)(iv) provided, in relevant part, that a person who possessed or distributed a controlled substance in a mixture containing less than 50 grams could be sentenced, *inter alia*, to a term of lifetime probation. *See* MICH. COMP. LAWS ANN. § 333.7401, Historical and Statutory Notes (West 2001). Public Act 665 effected an overhaul of the penalty provisions set forth in § 333.7401, including removal of the lifetime probation sentencing option. With respect to those who had already been sentenced to such a term, the Act added a subsection providing:

> If an individual was sentenced to lifetime probation under subsection (2)(a)(iv) as it existed before March 1, 2003 and the individual has served 5 or more years of that probationary period, the probation officer for that individual may recommend to the court that the court discharge the individual from probation. If an individual's probation officer does not recommend discharge as provided in this subsection, with notice to the prosecutor, the individual may petition the court seeking resentencing under the court rules. The court may discharge an individual from probation as provided in this subsection. An individual may file more than 1 motion seeking resentencing under this subsection.

MICH. COMP. LAWS § 333.7401(4). Contrary to the import of petitioner's claim, the plain language

8

of this provision makes clear that a person sentenced to lifetime probation prior to the amendment is not automatically released from his term of probation after five years. Rather, the statute merely provides that a court may, but is not required to, discharge the defendant from the lifetime probation after five years upon recommendation from the probation officer or petitioning by the defendant. Petitioner does not contend that the probation officer ever recommended termination of his probation or that he ever petitioned the trial court for resentencing, much less that the trial court exercised its discretion and released him from his lifetime probation. As a factual matter petitioner remained on probation at the time of his probation revocation proceedings, and thus his claim that the trial court lacked jurisdiction to revoke his probation is without merit. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### b. Illegal Search and Arrest

Petitioner also contends that he is entitled to habeas relief because his arrest and subsequent search which lead to the probation violation charges were illegal. These claims are not cognizable on habeas review.

Because "the exclusion of illegally seized evidence is simply a prophylactic device intended to deter Fourth Amendment violations by law enforcement officers," *Kaufman v. United States*, 394 U.S. 217, 224 (1969), the Supreme Court has determined that

> where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Stone v. Powell*, 428 U.S. 465, 482 (1976); *see also, Cardwell v. Taylor*, 461 U.S. 571, 571-72 (1983) (per curiam). Thus, petitioner's claim is not cognizable on habeas review if he had an adequate opportunity to present his claim to the state courts. "For such an opportunity to have

9

existed, the state must have provided, in the abstract, a mechanism by which to raise the claim and the presentation of the claim in this case must not have been frustrated by a failure of that mechanism." *Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985); *see also, Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982); *Willett v. Lockhart*, 37 F.3d 1271-72 (8th Cir. 1994). The requirement that there be, in the abstract, a mechanism by which to raise the Fourth Amendment claim "is met when state procedures provide a meaningful vehicle for a prisoner to raise a fourth amendment claim." *United States v. Scarborough*, 777 F.2d 175, 182 (4th Cir. 1985).

There is no question that Michigan provides such mechanism, in the abstract, to raise and litigate Fourth Amendment claims. *See Markham v. Smith*, 10 Fed. Appx. 323, 327 (6th Cir. 2001); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). Nor does petitioner argue that this mechanism was frustrated. Petitioner had the opportunity to file a motion to suppress in the trial court. Petitioner also raised his Fourth Amendment claim on direct appeal, filing a "Motion to Suppress, Quash and Dismiss All Physical Evidence" in the Michigan Court of Appeals. Under *Stone* the correctness of the state courts' conclusions is simply irrelevant. The courts that have considered the matter "have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar." *Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir. 1986); *see also*, *Willett*, 37 F.3d at 1270 (citing cases). An argument directed solely at the correctness of the state court decision "goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant." *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994). As succinctly put by the Seventh Circuit, "'full and fair' guarantees the right to present one's case, but it does not guarantee a correct result." *Cabrera v. Hinsley*, 324 F.3d 527, 532 (7th

Cir. 2003). Here, petitioner has offered nothing to show that he was denied a full and fair opportunity to present his Fourth Amendment claim in the state courts; rather, he contends only that those courts incorrectly resolved his claim. Petitioner's claim is therefore not cognizable on habeas review under *Stone v. Powell*. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

Likewise, petitioner is not entitled to relief on his claim that the probation revocation resulted from an illegal arrest. It is an "established rule that illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (citing *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886)). Thus, "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119. Because petitioner is now incarcerated pursuant to a valid conviction, he cannot challenge either the arrest leading to his incarceration or the preliminary procedures employed prior to his trial. Nor can he succeed on a claim that the evidence against him was obtained as a result of his illegal arrest, because such a claim is barred by the *Stone* rule discussed above. *See Cardwell v. Taylor*, 461 U.S. 571, 572-73 (1983) (per curiam) (claim that confession was the result of an illegal arrest is based on Fourth Amendment and thus barred by *Stone*). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his illegal arrest and search claims.

D.      *Recommendation Regarding Certificate of Appealability*

      1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides

that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

12

Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

      2.    *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 486. If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's decision to dismiss for failure to prosecute is reasonably debatable. There is no question that petitioner has been informed, through both this Court's local rules and the notice sent to him by the Court, of his obligation to keep the Court informed of any changes to his address and the potential consequences of his failure to do so. And

for the reasons discussed above, it is not reasonably debatable that petitioner's failure to provide current contact information despite having been released on parole nearly one year ago evinces an intent by petitioner to abandon this action.

Likewise, the resolution of petitioner's claims on the merits is not reasonably debatable. The record clearly establishes that petitioner was sentenced to a term of lifetime probation. The amendment to § 333.7401(4) enacted by 2002 Mich. Pub. Act 665 did not terminate this probation after five years; it merely provided the trial court with the power to do so upon recommendation of the probation officer or a motion for resentencing by petitioner. Because petitioner does not contend, and the record does not reflect, that the trial court resentenced him and terminated his lifetime probation, the resolution of petitioner's claim that the trial court lacked jurisdiction to revoke his probation is not reasonably debatable. Further, as discussed above, it is not reasonably debatable that petitioner's illegal arrest and search claims do not state cognizable bases for habeas relief. Accordingly, the Court should deny petitioner a certificate of appealability.

E.      *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is not barred by the statute of limitations governing habeas petitions, and should deny respondent's motion for summary judgment. Nevertheless, the Court should dismiss petitioner's application for failure to prosecute pursuant to FED. R. CIV. P. 41(b) or, alternatively, should deny the petition on the merits. If the Court accepts this recommendation, the Court should also deny the certificate of appealability.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                                    s/Paul J. Komives
                                                                    PAUL J. KOMIVES
                                                                    UNITED STATES MAGISTRATE JUDGE
Dated: 9/12/11

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on September 12, 2011.
>
>                         s/Eddrey Butts
>                         Case Manager