UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE HENRY BERRY,

       Petitioner,

                                         Case No. 10-13469
v.                                       Honorable Patrick J. Duggan

LLOYD RAPELJE,

       Respondent.
_____/

## OPINION AND ORDER (1) DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT; (2) DENYING PETITIONER'S APPLICATION FOR THE WRIT OF HABEAS CORPUS; AND (3) DENYING PETITIONER A CERTIFICATE OF APPEALABILITY

### Introduction

On August 31, 2010, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his conviction in 2005 for violating his probation, following a hearing in the Circuit Court for Bay County, Michigan. Petitioner asserts two grounds in support of his request for habeas relief: (1) the trial court was without jurisdiction to revoke his probation; and (2) his probation revocation was the result of an illegal search and seizure. On April 4, 2011, Respondent answered the petition by filing a motion for summary judgment in which Respondent argues that the petition is untimely pursuant to the applicable statute of limitations. The Court has referred the matter to Magistrate Judge Paul J. Komives for a report and recommendation and all pretrial proceedings. (Doc. 13.)

On September 12, 2011, Magistrate Judge Komives issued a Report and Recommendation ("R&R") in which he recommends that this Court find the petition timely and therefore deny Respondent's motion for summary judgment. (Doc. 16.) Magistrate Judge Komives further recommends that this Court dismiss the petition for failure to prosecute or, alternatively, deny the petition on its merits. At the conclusion of the R&R, the magistrate judge informs the parties that they must file any objections to the R&R within fourteen days. (*Id.* at 14-15.) Petitioner thereafter filed a motion seeking an extension of time to file objections to the R&R, which this Court granted. (Doc. 19.) Petitioner's objections, filed October 27, 2011, are dated October 13, 2011. (Doc. 20.)

**Standard of Review**

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

**Petitioner's Objections**

Petitioner raises two objections to Magistrate Judge Komives' R&R. First, Petitioner objects to Magistrate Judge Komives' recommendation that this Court dismiss the petition for failure to prosecute. Petitioner explains that he has not actively pursued this matter because he was taken into federal custody and thereafter moved between a number of federal detention facilities.

Petitioner next objects to Magistrate Judge Komives' alternative recommendation that this Court deny the petition on the merits. Petitioner specifically objects to Magistrate Judge Komives' finding that his illegal search and seizure claim is not cognizable on habeas review pursuant to the United States Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037 (1976). Petitioner contends that his claim is not barred by *Stone* because he is alleging ineffective assistance of trial counsel based on counsel's failure to argue and demonstrate that the search was illegal.

**Analysis**

This Court agrees with Magistrate Judge Komives that the petition fails on its merits and therefore is dismissing it on that basis. Therefore, the Court finds it unnecessary to address Petitioner's objection to the recommendation that the petition be dismissed for failure to prosecute.

The United States Supreme Court has held that the restriction on federal habeas review of Fourth Amendment claims announced in *Stone* does not extend to Sixth Amendment ineffective assistance of counsel claims based on counsel's failure to assert a

Fourth Amendment violation. *Kimmelman v. Morrison*, 477 U.S. 365, 106 S. Ct. 2574 (1986). To prevail on an ineffective assistance of counsel claim, "the defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). To satisfy the second requirement in a case where the defendant's claim is premised on counsel's failure to adequately assert a Fourth Amendment claim, the defendant must show "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman*, 477 U.S. at 375, 106 S. Ct. at 2583.

As gleaned from the petition and other cases involving Petitioner, in 2000, Petitioner pleaded guilty to delivery of less than fifty grams of cocaine and was sentenced to one year imprisonment and life-time probation. In 2005, while Petitioner was on probation, officers began investigating an alleged drug operation involving someone named Melvin Hoskins at an address in Saginaw Township, Michigan. *United States v. Berry*, 565 F.3d 332, 335 (6th Cir.), *cert. denied*, 130 S. Ct. 275 (2009). Officers subsequently received a tip from a confidential informant that Petitioner was living in the same duplex as Hoskins. *Id*. The officers were familiar with Petitioner as a result of his prior criminal activities. The tip that Petitioner was living in Saginaw Township was significant to the officers because his lifetime probation required him to immediately

notify his probation officer of any change of address and he last told his probation officer that he lived in Bay City. *Id.*

Officers subsequently observed Petitioner at the Saginaw Township address and reviewed Michigan Secretary of State records indicating that Petitioner listed the address as his residence on his driver's license, as well as on several vehicle titles. *Id.* The owner of the residence identified Petitioner as the individual who had been renting the property for three years and paying monthly rent of $675 in cash. *Id.* Based on this information, the officers decided to arrest Petitioner at the duplex for violating the terms of his probation by failing to register the residence with his probation officer. *Id.*

Subsequently, on April 29, 2005, law enforcement officers observed Petitioner driving a vehicle into the driveway of the duplex. *Id.* The officers arrested Petitioner as he exited the car and then searched the car incident to the arrest. *Id.* "On the floor of the car, immediately in front of the driver's seat, they found a number of rocks of suspected crack cocaine in plastic sandwich bags." *Id.* Field testing confirmed that the drugs contained cocaine. *Id.*

Armed with the above information, the officers swore out a search warrant for the duplex. *Id.* at 336-37. On April 30, 2005, after a Michigan state judge signed the warrant, the officers searched the property. *Id.* at 337. They uncovered significant evidence of drug trafficking, drugs, and two firearms that had been reported stolen several years earlier. *Id.*

On November 29, 2005, the state trial court found Petitioner guilty of violating his probation (the conviction challenged in the present habeas corpus petition); and on December 8, 2005, sentenced him to seven and a half to twenty years in prison. In November 2005, a federal grand jury indicted Petitioner on four drug charges and two firearm charges. *Id*. Following a trial before United States District Court Judge Thomas L. Ludington, the jury convicted Petitioner of three counts of possession with intent to distribute controlled substances and one count of possession of a firearm by a convicted felon. *Id*. at 335. On December 20, 2007, Judge Ludington sentenced Petitioner to thirty years in prison on each count, with the sentences to run concurrently to each other but consecutively to Petitioner's state sentence for violating his probation.[1] *Id*.; *United States v. Berry*, No. 05-20048, 2011 WL 1627902, at *1 (E.D. MIch. Apr. 29, 2011).

Petitioner's counsel in the federal proceedings challenged the search of the residence on Fourth Amendment grounds, but the district court denied the motion. *Berry*, 565 F.3d at 335. The Sixth Circuit affirmed the decision on appeal. *Id*. at 339. The court found sufficient evidence establishing probable cause to search Petitioner's residence. *Id*.

This Court believes that the Sixth Circuit's holding precludes Petitioner from rearguing here that the search of his residence was unlawful. Even if Petitioner is not estopped from re-litigating the issue, the Sixth Circuit's analysis demonstrates that

---

[1] According to the Michigan Department of Corrections' Offender Tracking Information System, Petitioner was discharged from the State's custody on October 7, 2011. He currently is in the custody of the Federal Bureau of Prisons.

Petitioner's Fourth Amendment challenge to the search lacks merit. Although not stated expressly in the Sixth Circuit's decision, the facts set forth in the court's opinion also provide sufficient evidence to establish probable cause for Plaintiff's arrest for violating his probation and the ensuing search of his automobile. It follows that Petitioner's second ground for relief– even when construed as a Sixth Amendment ineffective assistance of counsel claim– fails on its merits.

## Conclusion and Certificate of Appealability

For the above reasons, this Court adopts Magistrate Judge Komives' finding that Petitioner's application for the writ of habeas corpus is timely. However, the Court also adopts Magistrate Judge Komives' finding that the grounds asserted in support of Petitioner's request for relief lack merit.

To the extent Petitioner intends to appeal this Court's decision, he must first obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Section 2253 provides that a certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). This Court concludes that jurists of reason would not find the correctness of its assessment of Petitioner's claims debatable or wrong.

Accordingly,

**IT IS ORDERED**, that the Court adopts the Report and Recommendation dated September 12, 2011;

**IT IS FURTHER ORDERED**, that Respondent's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's application for a writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner is denied a certificate of appealability.


Date: December 1, 2011           s/PATRICK J. DUGGAN
                                 UNITED STATES DISTRICT JUDGE

Copies to:
Lee Henry Berry
#05032-039
USP Leavenworth
U.S. Penitentiary
P.O. Box 1000
Leavenworth, KS  66048

AAG Bruce H. Edwards